UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER MULLINS,

    Petitioner,

v.                                     CASE NO. 6:11-cv-358-Orl-36TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon consideration of the petition (Doc. No. 1), the Court ordered Respondents to show cause why the relief sought should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 15). Petitioner filed a reply to the response (Doc. No. 19).

Petitioner alleges two claims for relief. For the following reasons, the petition is denied.

*I.*    *Procedural History*

Petitioner was charged by information with lewd or lascivious battery on a person twelve years of age or older but less than sixteen. Prior to trial, Petitioner filed a motion to suppress a letter taken from him by law enforcement and all other evidence which was found subsequent to the taking of the letter. The trial court conducted a hearing on the

motion and subsequently granted in part and denied in part the motion. The trial court suppressed the letter taken from Petitioner but concluded that the evidence discovered after the confiscation of the letter was admissible pursuant to the inevitable discovery doctrine. The case proceeded to trial, and a jury found Petitioner guilty as charged. The trial court sentenced Petitioner as a habitual felony offender to a thirty-year term of imprisonment.

Petitioner appealed. The Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. The Fifth District Court of Appeal of Florida denied the petition.

## II.     Legal Standards

### A.     *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.     *Standard for Ineffective Assistance of Counsel***

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

*III.   Analysis*

   *A.   Claim One*

Petitioner asserts that appellate counsel rendered ineffective assistance by failing to assert that the trial court erred by not suppressing all evidence obtained as a result of the illegal search. In support of this claim, Petitioner argues that the victim's testimony and the DNA evidence were obtained because during the illegal search, law enforcement found a letter from the victim to Petitioner prompting additional investigation. The trial court granted the motion to suppress the letter but denied the motion to suppress the evidence obtained after the letter was confiscated based on the inevitable discovery doctrine.

Petitioner raised this claim in his state habeas petition. The Fifth District Court of Appeal of Florida summarily denied relief.

In order to determine whether Petitioner's counsel rendered ineffective assistance by failing to appeal his conviction on this ground, the Court must examine the merits of the argument Petitioner alleges his counsel failed to raise. *See Miller v. Dugger,* 858 F.2d 1536, 1538 (11th Cir. 1988); *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). Evidence that is the fruit of an illegal search and thus part of the poisonous tree may be admitted "[i]f

the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means. . . ." *Nix v. Williams*, 467 U.S. 431, 444 (1984).

In the instant case, Officer Michael Ihnken testified that he stopped Petitioner, who was riding a bicycle and was with two young girls, because it was dark and Petitioner did not have lights on his bicycle as required by law. After stopping Petitioner and the two girls, sisters who were determined to be twelve and thirteen years of age, Officer Ihnken recognized Petitioner as a sex offender based on a prior arrest. Officer Ihnken asked Petitioner if he could search his person, and Petitioner consented. Officer Ihnken found a letter in Petitioner's pocket which he determined had been written by one of the juvenile girls and raised his suspicion that something inappropriate was occurring.

Officer Ihnken subsequently allowed Petitioner to leave but took the girls to the police station and called their mother to pick them up. Officer Ihnken suggested to the girls' mother that she speak with the victim, her daughter, because the victim was with a known sex offender and given the content of the letter. The victim's mother questioned the victim after which the mother indicated her concern to police, resulting in a child protection team interview being conducted. During the interview, the victim admitted having sexual intercourse with Petitioner, after which her underwear was recovered and found to contain Petitioner's DNA.

From the evidence presented at the hearing on the motion to suppress, the trial court could conclude that the State established by a preponderance of the evidence that the

evidence would have been found absent the illegal search and seizure of the letter. Officer Ihnken testified that he recognized Petitioner as a sex offender and was suspicious of the fact that he was with juvenile females. He further indicated he took the girls to the police station and called their mother because they were juveniles and were with a known sex offender. (App. A at 26, 28-29.) Thus, had appellate counsel raised the issue on appeal, a reasonable probability does not exist that the appellate court would have concluded that the trial court abused its discretion in denying the motion to suppress. *See, e.g., Lock v. State*, 799 So. 2d 384, 385 (Fla. 4th DCA 2001) ("A trial judge's ruling on a motion to suppress is clothed with a presumption of correctness, and the ruling should not be disturbed on appeal absent an abuse of discretion."). Accordingly, claim one is denied pursuant to Section 2254(d).

    **B.**    *Claim Two*

Petitioner contends that counsel rendered ineffective assistance by failing to argue on appeal that the trial court erred by allowing the State to introduce similar fact evidence. Specifically, Petitioner asserts that the trial court should not have allowed evidence to be admitted that he had previously molested a twelve year old girl when he was nineteen because in that instance he did so by force. The trial court allowed the evidence to be admitted because both of the victims were under the age of thirteen, the offenses occurred in the same county, Petitioner had flattered the victims, and both offenses involved vaginal penetration.

Petitioner raised this claim in his state habeas petition. The Fifth District Court of Appeal of Florida summarily denied the claim.

Pursuant to Florida law,

> when a defendant is charged with a crime involving child molestation, "evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Nonetheless, relevancy remains the threshold consideration for the admission of the evidence and even relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (2006); citing *McLean v. State*, 934 So. 2d 1248 (Fla. 2006).

*LaValley v. State*, 30 So. 3d 513, 515-16 (Fla. 5th DCA 2009) (quoting Fla. Stat. § 90.404(2)(b)(1)). Factors to be considered in determining the admissibility of such evidence include:

> (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances.

*Id.* at 516 (quoting *McLean,* 934 So. 2d at 1248). "A collateral crime proven by similar evidence does not need to be absolutely identical to the crime charged in order to be admissible." *Triplett v. State*, 947 So. 2d 702, 703 (Fla. 5th DCA 2007). Furthermore, "similar fact evidence relevant to prove a material fact other than identity does not need to meet the rigid similarity requirement applied when such evidence is used to prove identity." *Id.* The trial court's admission of such evidence is considered under the abuse of discretion standard. *Mendez v. State*, 961 So. 2d 1088, 1090 (Fla. 5th DCA 2007).

In the instant case, the trial court determined that evidence that Petitioner had committed a previous act of lewd and lascivious molestation was admissible. The similarities in the offenses included that they were perpetrated in the same county, involved a victim under the age of thirteen, Petitioner was over the age of eighteen at the time of the offenses, Petitioner flattered the victims prior to the offenses, and the offenses involved vaginal penetration with Petitioner's penis. The second offense occurred shortly after Petitioner was released from prison from his first conviction for lewd or lascivious molestation. Additionally, in both cases, Petitioner had sexual intercourse with the victim and was arrested for the offenses shortly thereafter. Although the second offense was not absolutely identical to the first offense, sufficient similarities existed for the trial court to allow the admission of such evidence pursuant to Florida law. Thus, Petitioner has not demonstrated that a reasonable probability exists that the appellate court would have concluded that the trial court abused its discretion by admitting the evidence had counsel raised the issue. Accordingly, claim two is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

9

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't. of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Christopher Mullins is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 11th day of June, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 6/11
Counsel of Record
Christopher Mullins